```
              IN THE UNITED STATES DISTRICT COURT
             FOR THE NORTHERN DISTRICT OF ILLINOIS
                        EASTERN DIVISION
```

KATHALEEN COOLEY,                  )
                                   )
               Plaintiff,       )
                                   )
   v.                              )   No. 09 C 2109
                                   )
BOARD OF EDUCATION OF THE CITY     )
OF CHICAGO, et al., etc.,          )
                                   )
               Defendants.      )

## MEMORANDUM OPINION AND ORDER

Carlos Azcoitia ("Azcoitia") has been sued individually in this multicount action brought by Kathaleen Cooley ("Cooley") against Azcoitia and the Board of Education of the City of Chicago ("Board"). Azcoitia has moved to dismiss Complaint Count IV (based on a claimed violation of the Family and Medical Leave Act ("FMLA")) and Count V (charging him with tortious interference in Cooley's contract with the Board), and Cooley has filed her Response to that motion.[1] No reply memorandum is needed, for the two filings by the parties suffice for this Court's resolution of their dispute.

---

[1] As the Appendix reflects, Cooley's counsel is being fined because she did not comply with her obligation to deliver a hard copy of her Response to this Court's chambers. Indeed, this Court's chambers file discloses that counsel is a recidivist in that regard: No judge's copy of the Complaint itself was initially delivered to this Court either, so that it learned of this action's existence only when it received the April 2009 end-of-month printout of cases on its calendar (Cooley's Complaint had actually been filed on April 6)--a procedure that it follows each month as a matter of calendar management. Counsel's repeated flouting of this District Court's express LR 5.2(e) amply justifies the modest fine imposed on counsel.

Count IV

Azcoitia's potential liability under the FMLA[2] turns on whether he fits the statutory definition of an "employer." On that score, here are the relevant generic definitional provisions of Section 2611(4)(A):

> (4) Employer
>
>     (A) In general
>
> The term "employer"--
>
>     (i) means any person engaged in commerce or in any industry or activity affecting commerce who employs 50 or more employees for each working day during each of 20 or more calendar workweeks in the current or preceding calendar year;
>
>     (ii) includes--
>
>         (I) any person who acts, directly or indirectly, in the interest of an employer to any of the employees of such employer; and
>
>         (II) any successor in interest of an employer;
>
>     (iii) includes any "public agency", as defined in section 203(x) of this title; and
>
>     (iv) includes the Government Accountability Office and the Library of Congress.

There is no question that the Board is a "public agency" and hence itself an "employer." And Azcoitia, the principal of Community Links High School where Cooley was a probationary

---

[2] Citations to FMLA's statutory provisions will simply take the form "Section --," thus omitting repeated reference to Title 29, where the statute is codified.

2

appointed counselor, fits comfortably within the literal terms of Section 2611(4)(A)(ii)(I). If then Section 2611 defines Azcoitia's position in the statutory structure, the literal statutory language as analyzed in Darby v. Bratch, 287 F.3d 673, 681 (8th Cir. 2002) calls for a "yes" answer to Azcoitia's suability under the FMLA:[3]

> It seems to us that the plain language of the statute decides this question. Employer is defined as "any person who acts, directly or indirectly, in the interest of an employer to any of the employees of such employer[.]" 29 U.S.C. §2611(4)(A)(ii)(I). This language plainly includes persons other than the employer itself. We see no reason to distinguish employers in the public sector from those in the private sector. See Morrow, 142 F.Supp.2d at 1275 (stating that opinions which hold public officials are not subject to individual liability "do not explain why public officials should be exempted from liability while managers in the private sector are not."). If an individual meets the definition of employer as defined by the FMLA, then that person should be subject to liability in his individual capacity.

On Azcoitia's behalf, his counsel points to the decision by this Court's colleague, Honorable James Zagel, in Lombardi v. Bd. of Trustees Hinsdale Sch. Dist. 86, 463 F.Supp.2d 867, 870-72

---

[3] Both sides' submissions have cited only District Court opinions in their efforts to parse the statutory provisions. This Court's independent research turned up both Darby and a Sixth Circuit decision (Mitchell v. Chapman, 343 F.3d 811, 826-32 (6th Cir. 2003)) going the other way; see also the per curiam decision in Rutland v. Pepper, 404 F.3d 921, 923 n.1 (5th Cir. 2005), noting that circuit split but not coming down on either side of the issue. This Court opts for the literal-reading approach taken in Darby, in preference to the extended and convoluted treatment in Mitchell.

(N.D. Ill. 2006) as taking Section 2611 out of play entirely. That opinion held that the question at issue was controlled instead by Section 2618--a section (1) whose title reflects that it provides "Special rules concerning employees of local educational agencies" and (2) which defines the scope of its application in these terms:

   (a) Application

      (1) In general

>
> Except as otherwise provided in this section, the rights (including the rights under section 2614 of this title, which shall extend throughout the period of leave of any employee under this section), remedies, and procedures under this subchapter shall apply to--
>
>> (A) any "local educational agency" (as defined in section 7801 of Title 20) and an eligible employee of the agency; and
>
>> (B) any private elementary or secondary school and an eligible employee of the school.

      (2) Definitions

>
> For purposes of the application described in paragraph (1):
>
>> (A) Eligible employee
>
>> The term "eligible employee" means an eligible employee of an agency or school described in paragraph (1).
>
>> (B) Employer
>
>> The term "employer" means an agency or school described in paragraph (1).

We are regularly (and properly) reminded by our Court of

4

Appeals that District Judges do not create precedent. Thus Judge Zagel's opinion--as well as the several District Court opinions that have reached the opposite conclusion in construing Section 2611 without considering Section 2618--are entitled to be considered only to the extent that they are independently persuasive.[4]

Essentially <u>Lombardi</u> stresses the limited definition of "employer" in Section 2618(a)(2)(B), a provision that embraces only school entities, without including individuals as Section 2611 does. But in this Court's view, <u>Lombardi</u>'s emphasis on the "employer" definition in Section 2618 does not take full account of the narrow scope of that section, which does indeed establish some "special rules" as to educational entities such as the Board and as to employees of such entities.

On that score Section 2618(a)(1) expressly provides that the regular provisions of the FMLA ("the rights...,[5] remedies and procedures under this subchapter....") apply to any "local educational agency" such as the Board. But where the "special

---

[4] By contrast, <u>Darby</u> is precedential--and there the Eighth Circuit found Section 2611 controlling without having to turn to Section 2618. As the ensuing text discussion reflects, that approach is entirely sound as a matter of statutory construction, as well as conforming to common sense.

[5] Those ellipses denote the omission solely of a parenthetical clause that simply has no bearing on the issue before this Court, but whose inclusion could create a somewhat confusing digression to the reader seeking to follow this opinion's analytical path.

5

rules" set out in Section 2618 ("this section") are <u>not</u> implicated--and Azcoitia has not suggested that they are--the rest of "this subchapter," which by definition includes Section 2611, remains applicable.  What <u>Lombardi</u> fails to recognize is that the very language of Section 2618(a)(1) expressly confirms that the section does <u>not</u> contain the exclusive provisions as to local educational agencies and that the other provisions of the subchapter--which encompasses Section 2611 and hence its definitions--apply wherever the "special rules" set out in the other subsections of Section 2618 are not implicated.

Hence any attempted invocation of Section 2618 really sets the inquiry on a false trail.  Instead, just as <u>Darby</u> teaches, Azcoitia is individually subject to FMLA liability.  Accordingly his motion to dismiss Count IV is denied.

<u>Count V</u>

Azcoitia does not challenge the potential includability in this action of Count V--a state law claim for tortious interference with contract--under the supplemental jurisdiction provisions of 28 U.S.C. §1367.  Nor is there any question that Cooley's allegations on that score comprise the elements of such a claim under Illinois law, as defined in a multitude of cases such as <u>Kehoe v. Saltarelli</u>, 337 Ill.App.3d 669, 676-77, 786 N.E.2d 605, 612 (1st Dist. 2003).  What Azcoitia urges instead is that any such claim is preempted by "the exclusive federal law

6

jurisdiction created by section 301 [of the Labor Management Relations Act]" (<u>Kimbro v. PepsiCo, Inc.</u>, 215 F.3d 723, 725-27 (7th Cir. 2001)--and that such exclusivity exists "over claims for breach of a collective bargaining contract" (<u>id</u>.).

But this action does not at all involve an attempted end run around that principle of exclusivity, as was the case in <u>Kimbro</u>. Fully two decades ago, in unanimously reversing another preemption decision by our Court of Appeals, the Supreme Court's decision in <u>Lingle v. Norge Div'n of Magic Chef, Inc.</u>, 486 U.S. 399 (1988) explained its disagreement with our Court of Appeals' analysis in that case (<u>id</u>. at 408-10 (footnotes omitted)):

> But we disagree with the court's conclusion that such parallelism renders the state-law analysis dependent upon the contractual analysis. For while there may be instances in which the National Labor Relations Act pre-empts state law on the basis of the subject matter of the law in question, §301 pre-emption merely ensures that federal law will be the basis for interpreting collective-bargaining agreements, and says nothing about the substantive rights a State may provide to workers when adjudication of those rights does not depend upon the interpretation of such agreements. In other words, even if dispute resolution pursuant to a collective-bargaining agreement, on the one hand, and state law, on the other, would require addressing precisely the same set of facts, as long as the state-law claim can be resolved without interpreting the agreement itself, the claim is "independent" of the agreement for §301 pre-emption purposes.

<u>Lingle</u> remains good law today. And because what was said there appears to apply with equal force here, Azcoitia's motion

to dismiss Count V is denied as well.[6]

_____
Milton I. Shadur
Senior United States District Judge

Date:  July 21, 2009

---

[6]  If as this case evolves the premise stated in the text were to prove inaccurate, the issue just dealt with as to Count V here might have to be revisited.

8

<u>Appendix</u>

Both lawyers and judges in this district have followed the practice of referring to the delivery of hard copies of electronic filings to judicial chambers as a matter of "courtesy copies."  Indeed, this Court is equally guilty of that characterization, for the first boldface paragraph on its website refers to the requirement of "a courtesy hard copy."  In hindsight, though, that usage is somewhat unfortunate, for it suggests that such delivery is merely permissive, while in truth this District Court's LR 5.2(e) <u>mandates</u> such delivery.

This Court's website has also contained a paragraph that regrettably understates the frequency with which that mandate has been violated and the consequential impact (1) on this Court's staff in terms of forcing follow-up activity--docket checking, telephone calls, often the need to print out copies so that this Court can deal with them at a status hearing or motion call--or (2) on this Court when it has been caught by surprise by counsel (again at a status hearing or motion call) who refer to a filing that this Court's carefully maintained and carefully monitored chambers files do not contain.

As this Court has previously warned in its website paragraph referred to earlier, the imposition of some reasonable sanction for such rule violations, not only to provide some redress for the inconvenience they create but also to heighten counsel's

awareness of an express requirement that should by now be complied with as a matter of habit. Accordingly counsel in this action is fined $200 for her violations of LR 5.2(e), and a check for that amount payable to the Clerk of this District Court is ordered to be delivered to this Court's chambers within seven days from the date of this memorandum opinion and order.