```
        IN THE UNITED STATES DISTRICT COURT
       FOR THE NORTHERN DISTRICT OF ILLINOIS
                  EASTERN DIVISION
```

KATHALEEN COOLEY,               )
                                )
            Plaintiff,           )
                                )
    v.                           )      No. 09 C 2109
                                )
BOARD OF EDUCATION OF THE CITY   )
OF CHICAGO, et al., etc.,        )
                                )
            Defendants.          )

MEMORANDUM OPINION AND ORDER

At the time of this Court's May 13, 2011 approval and entry of the parties' jointly-submitted proposed final pretrial order ("FPTO"),[1] defendants also filed four motions in limine. With counsel for plaintiff Kathaleen Cooley ("Cooley") having since responded, this memorandum opinion and order addresses the motions to ready the case for trial.

Defendants' first motion (Dkt. 74) is captioned "Defendants' Motion To Bar the Admission of Medical Evidence That Has Not Been Disclosed in Accordance with Federal Rule of Civil Procedure 26(A)." Cooley's response shows this to be a quibble that really should not have occupied either the litigants' or this Court's time for its resolution.

---

[1] That was the litigants' second effort at developing a suitable FPTO. During the conference held to consider the parties' initial effort (a practice that this Court always employs), a number of items were identified that needed correction or revision, so counsel for the parties were sent back to the drawing board both literally and figuratively. Their revised version was the subject of the May 13 conference.

At issue are three doctors who treated Cooley during her pregnancy--Drs. Catherine Dillon, Suzanne Ashby and David Shaw. Although defendants say they were not disclosed pursuant to either Fed. R. Civ. P. ("Rule") 26(a)(1) or 26(a)(2)(B), Cooley has responded that they were disclosed nearly two years ago in her July 22, 2009 answers to the First Set of Interrogatories promulgated by defendant Board of Education ("Board"), which then subpoenaed Cooley's medical records from the three doctors two weeks later.

Treating physicians have long been a source of confusion in the treatment prescribed by the Rules governing discovery, because their testimony most often encompasses their roles both as occurrence witnesses (e.g., what they observed in the course of their treatment) and as opinion witnesses under Fed. R. Evid. ("Evid. R.") 702 (testifying to their diagnoses and the like). As such they are not required to prepare the full-bore written reports called for by Rule 26(a)(2)(B), yet it is quite artificial to attempt to erect a wall between those two categories of testimony. That tension, which has vexed the drafters of the Rules as well as the courts, has prompted the adoption as part of the 2010 amendments to Rule 26 of a provision that points the way to resolution of the parties' current dispute in a manner that is fair to both (see new Rule 26(a)(2)(C)).

Because this case has not yet been set for trial (indeed, it

2

could not be until after the current motions have been ruled upon), there is time to carry out such an equitable solution. Accordingly:

    1. Dkt. 74 is denied, essentially on mootness grounds in light of this ruling.

    2. Cooley is ordered to deliver to defendants, within 21 days from the issuance of this opinion, a report as to each of the three doctors conforming to the requirements of Rule 26(a)(2)(C).

    3. If defendants wish to depose one or more of the doctors upon receipt of those reports, counsel for the parties are ordered to arrange for the taking of the deposition or depositions as promptly as possible. Any doctor whom defendants do not depose may not be called as a defense witness at trial.

Next, Dkt. 75 is captioned "Defendants' Motion To Bar Plaintiff's Trial Exhibits 39, 40, 41, 42, 43, 45, 46, 47 and 48." Those exhibits are characterized by defense counsel as "inadmissible hearsay under Fed. R. Evid. R. [sic] 801(d)(1)(B)." Here is how defendants' motion describes those exhibits:

> Plaintiff's Trial Exhibits 39, 40, 41, 42, 43, 45 and 46 are memos that plaintiff wrote to herself during the spring of 2006 discussing conversations she had with various people and her observations and thoughts. (attached to Pretrial Order, Revised Exhibit C, and attached hereto as Group Exhibit A). Plaintiff's Trial Exhibits 47 and 48 are narratives written by plaintiff describing her duties as counselor and setting forth

her version of the events of her employment at
Community Links Highs [sic] School.

But defense counsel have gotten off on the wrong foot by focusing on Evid. R. 801, which sets out conditions that must be met for a statement to qualify as non<u>hearsay</u>.  Instead the first seven of the nine challenged exhibits may indeed be hearsay, but they qualify for admissibility under Evid. R. 803(1) or 803(3), or perhaps 803(5),[2] as <u>exceptions</u> to the barring of hearsay evidence.[3]  That scotches defendants' opposition to those seven exhibits, but it does not apply to the statement of Cooley's duties as a counselor or to her extended narrative of events, respectively Exs. 47 and 48--those exhibits are inadmissible.

Thus Dkt. 75 is denied as to Cooley's Exs. 39 through 43, 45 and 46.  It is granted as to Exs. 47 and 48.

Dkt. 76 is captioned "Defendants' Motion in Limine To Bar Plaintiff from Introducing Evidence of Speculative Damages." That label is misleading, because the term "speculative" suggests uncertainty as to the existence or amount of a claimed item of damages, while what is really at issue here are questions as to

---

[2] That last category covers what used to be known in common law terms as "past recollection recorded."

[3] What has been said here bears on the admissibility of those exhibits as such.  To the extent that those documents may contain statements that are themselves hearsay and that are not within any of the exceptions provided by Evid. R. 803, that contention will be addressed if an appropriate objection is renewed at the time of trial.

the appropriate causal relationship between (1) the assertedly wrongful termination of Cooley's employment and (2) the damage items at issue. And in that respect the question of reasonable foreseeability plays an important role, just as is the case in applying the concept of proximate cause.

On that score Cooley Ex. 93, which relates to what she states is the forced sale of the family house that she attributes to her loss of employment, appears appropriate for jury consideration if it finds the requisite causal connection. That is not however true of Ex. 97, for defendants can scarcely be held responsible for claimed damages attributable to the later loss of employment by Cooley's husband.

Hence Dkt. 76 is denied as to Cooley Ex. 93 but is granted as to Ex. 97. Both parties should be mindful of the predicate for that first ruling in their preparation of an appropriate jury instruction on damages.

Lastly, Dkt. 77 is captioned "Defendants' Motion in Limine To Bar Plaintiff from Introducing Evidence Related to her Proceedings Before the EEOC and IDHR." In that regard Cooley describes her challenged Exs. 73 through 84 in this fashion:

> an Equal Employment Opportunity Commission ("EEOC") reasonable cause Determination, EEOC investigation notes, forms Plaintiff submitted to the EEOC, Defendant Board's Position Statement, Questionnaire Response, Supplemental Questionnaire Response, and an Affidavit of Defendant Carlos Azcoitia.

This Court is among those--including our Court of Appeals,

5

most recently in <u>Silverman v. Board of Education</u>, No. 10-2977, 2011 WL 941518, at *1-2 (7th Cir. Mar. 21)--that are troubled by providing a jury with the result of EEOC's administrative evaluation of charges of discrimination.  That information, in whichever direction it goes, tends to put a thumb on the scales on which the jury is called on to do its own measuring.  By the same token, Cooley's input to EEOC, and EEOC's internal documents such as handwritten notes and memoranda, are totally inappropriate grist for the jury's evidentiary mill.

That is obviously not true, though, of defendants' own submissions to EEOC:  Board's 10-page Position Statement (Ex. 78), codefendant Carlos Azcoitia's December 30, 2006 affidavit (Ex. 79), Board's Questionnaire Response (Ex. 81) and Board's Supplemental Questionnaire Response (Ex. 83).  All of those exhibits are by definition nonhearsay (see Evid. R. 801(d)(2)), so that any portions that meet the fundamental test of relevance (Evid. R. 401) will be admitted at trial.

In summary, Dkt. 77 addresses Cooley's Exs. 73 through 84. And of that group of a dozen exhibits, defendants' motion for exclusion is granted as to all but Exs. 78, 79, 81 and 83.

## <u>Conclusion</u>

Defendants' Dkt. 74 motion is denied as moot, with added conditions being imposed on both sides.  Each of defendants'

Dkt. 75, 76 and 77 motions is granted in part and denied in part.

_____
Milton I. Shadur
Senior United States District Judge

Date:  June 14, 2011